## BEN B. HAMPTON CO. v. SCHLESINGER.

(Supreme Court, Appellate Term. June 1, 1906.)

CONTRACTS—CONSTRUCTION—COMPENSATION.

Plaintiff contracted to buy advertising space and sell it to defendant and take entire charge of defendant's advertising. For this purpose in December, 1902, plaintiff contracted for advertising space in a newspaper in which to insert defendant's advertisements; the contract providing for payment to the newspaper of a short or higher rate for space actually used in case the space contracted for was not used. The contract between plaintiff and defendant was terminated before all of such space was used, after which two settlements were made between plaintiff and defendant without any claim being made by plaintiff for the short rate which the newspaper compelled plaintiff to pay, and the contract between the parties did not provide for short rate prices. *Held*, that defendant was not liable for such short rates.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by the Ben B. Hampton Company against Maurice F. Schlesinger. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

T. H. McKee, for appellant.

W. L. Bunnell, for respondent

DAVIS, J. The defendant is a druggist and an extensive advertiser. The plaintiff is a general advertising agent. In October, 1902, plaintiff

and defendant made a verbal contract under which the plaintiff was to buy advertising space and sell it to the defendant, and, furthermore, to take entire charge of defendant's advertising. In December, 1902, the plaintiff, in order to carry out his agreement with the defendant, entered into a contract with the Springfield Union, under which he bought certain advertising space to be used for the defendant's advertisements. The defendant was not a party to this latter agreement, and incurred no obligation thereunder either to the Springfield Union or to the plaintiff. This contract provided for the payment to the newspaper of what is known as a "short rate" in case the whole amount of space was not used by the other party to the contract. A short rate is an increased rate for the space actually used, and is to be paid in case ot failure to use the whole space contracted for. In the case at bar the contract between the Springfield Union and the plaintiff provides for 156 insertions of the defendant's advertisement occupying two inches or more of space. Failing to use that amount of space, the plaintiff, not the defendant, was to pay the increased or "short rate." The plaintiff and defendant severed business relations February 17, 1904. On that date the defendant Schlesinger went to plaintiff's office and went over all matters in difference between the plaintiff and defendant; the plaintiff being represented by Mr. Lorenso. They came to an agreement as to what sum was due from defendant to plaintiff down to January 1, 1904, and the defendant gave the plaintiff a check for $1,099.10 in full to January 1, 1904. At this time defendant's advertisement had appeared 57 times in the Springfield Union, and there was no further insertion in that paper. There being thus a failure to use the whole space contracted for under the agreement between the newspaper and the plaintiff, the newspaper had a claim against this plaintiff for a short rate or an increased rate on the 57 insertions referred to. This claim, amounting to $170.35, was subsequently collected by the newspaper from the plaintiff by suit. In the case at bar the plaintiff sought to recover this amount of $170.35, together with his commissions thereon from the defendant; but judgment was rendered against him in favor of the defendant.

We think this judgment should not be disturbed. It appears that subsequent to the making of the oral agreement, and on or about November, 1903, the parties herein entered into a written agreement which embodied substantially the details of their oral agreement. In neither of these agreements as proved does it appear that the defendant was to pay short rates, and, moreover, when the parties had their settlement on February 1, 1904, nothing was said about charging the defendant with short rates, although at that time the plaintiff knew that he would have to settle with the Springfield Union upon the basis of short rates for the defendant's space. Again, when the defendant settled with the plaintiff for advertising done between January 1, 1904, and February 17, 1904, by giving him a check for $511.90, nothing was said by the plaintiff as to collecting a short rate from the defendant, nor were short rates included in either of these settlements. From all the evidence in the case we think there is nothing to justify the plaintiff's claim against the defendant for the short rates paid by plaintiff to the newspaper.

The judgment and order appealed from should be affirmed, with costs. All concur.